1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11  SHASHON D. DIREAUX,                    )  Case No. EDCV 13-61-OP
12                          Plaintiff,     )
                        v.                 )  MEMORANDUM OPINION AND
13                                         )  ORDER
    CAROLYN W. COLVIN, Acting             )
14  Commissioner of Social                )
    Security,[1]                          )
15                                         )
                        Defendant.        )
16
17      The Court[2] now rules as follows with respect to the disputed issues listed in
18  the Joint Stipulation ("JS").[3]
19  / / /
20
21  _____
22      [1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is
    hereby substituted as the Defendant herein. See Fed. R. Civ. P. 25(d)(1).
23
24      [2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the
    United States Magistrate Judge in the current action. (See ECF Nos. 8, 9.)
25
26      [3] As the Court stated in its Case Management Order, the decision in this
    case is made on the basis of the pleadings, the Administrative Record, and the Joint
27  Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules
    of Civil Procedure, the Court has determined which party is entitled to judgment
28  under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

1

**I.**

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

> (1)     Whether the Administrative Law Judge ("ALJ") improperly relied on deficient vocational testimony; and
>
> (2)     Whether the ALJ properly considered Plaintiff's credibility.

(JS at 4.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); <u>Desrosiers v. Sec'y of Health & Human Servs.</u>, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson</u>, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. <u>Green v. Heckler</u>, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

**III.**

**DISCUSSION**

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of sleep apnea,

1    diabetes, and obesity.  (Administrative Record ("AR") at 40.)  The ALJ found

2    Plaintiff had the residual functional capacity ("RFC") to perform sedentary work

3    except with the ability to lift and/or carry ten pounds occasionally, and less than

4    ten pounds frequently; sit for six hours in an eight-hour workday; stand and/or

5    walk for two hours in an eight-hour workday; occasionally climb, balance, stoop,

6    kneel, crouch, and crawl; and must avoid concentrated exposure to extreme cold

7    and heat, and fumes, odors, dusts, gases, and poor ventilation.  (Id. at 42.)

8        Relying on the testimony of a vocational expert ("VE"), the ALJ concluded

9    that Plaintiff is capable of performing the representative occupations of charge

10   account clerk (Dictionary of Occupational Titles ("DOT") No. 205.347-014); and

11   order clerk, food and beverage (DOT No. 209.567-014).  (AR at 44.)

12   **B.    The ALJ Improperly Relied on the Testimony of the VE Regarding the**

13   **Number of Available Positions in the National and Regional Economies.**

14   **1.    Background.**

15       At the hearing, the VE testified that regarding two occupations that Plaintiff

16   (or a hypothetical individual with Plaintiff's characteristics) could perform:  (1)

17   charge account clerk (DOT No. 205.367-014) – 900 positions regionally, 24,000

18   positions nationwide; and (2) order clerk, food and beverage (DOT No. 209.567-

19   014) – 400 positions regionally, 6,500 positions nationally.  (AR at 74.)  The VE

20   did not testify as to the methodology or data sources she used to determine the

21   number of available jobs in the national or regional economy.  Plaintiff's counsel

22   did not cross-examine the VE.

23       Plaintiff contends that the VE's testimony regarding the number of positions

24   available in the nation and the region for the jobs of charge account clerk, and

25   order clerk, food and beverage, was not reliable, and therefore could not serve as

26   substantial evidence supporting the ALJ's determination at step five that the

27   representative jobs existed in "significant numbers" in the national economy.  (JS

28   at 5-8, 10.)  She provides statistical information from the Bureau of Labor that

would appear to indicate that there are approximately 1,730 "comparable" charge account clerk positions nationally, and 200 "comparable" order clerk positions nationally[4] – numbers that are significantly lower than those suggested by the VE.[5] (JS Exs. 1, 2.)  She also notes that using the Job Browser Pro vocational program the results are similarly low.[6]  (Id. at 7 (citing AR at 231-34).)

## 2.  **Pertinent Law.**

At step five of the sequential evaluation process, the Commissioner has the burden to demonstrate that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience.  Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999) (citing 20 C.F.R. § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  The Commissioner may satisfy this burden, depending upon the circumstances, by obtaining testimony from an impartial VE or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. part 404, subpart P, appendix 2 (commonly known as "the Grids").  Tackett, 180 F.3d at 1100-01 (citations omitted).  Where, as here, a claimant suffers from both

_____

[4]  Without additional input from a VE, the Court is unable to assess the reliability and/or validity of Plaintiff's methodology.

[5]  Plaintiff contends that her numbers do not represent a significant number of available jobs.  (JS at 6 (citing Beltran v. Astrue, 700 F.3d 386, 390 (9th Cir. 2012) (finding that 1,680 jobs nationally, distributed between several regions, is not a "significant number" of jobs).)  Because the Court is remanding for further testimony and clarification from the VE concerning the types of jobs that Plaintiff could perform and the numbers of those positions that exist in the national and regional economy, the Court declines to consider the significance of Plaintiff's numbers at this time.

[6]  Plaintiff submitted the Job Browser Pro vocational program results in support of her appeal to the Appeals Council.  (AR at 228-34.)  The Appeals Council stated that it considered the evidence submitted but found no reason to review the ALJ's decision.  (Id. at 1, 5.)

1    exertional and nonexertional limitations, the Grids do not mandate a finding of
2    disability based solely on the claimant's exertional limitations, and the claimant's
3    non-exertional limitations are at a sufficient level of severity such that the Grids
4    are inapplicable to the particular case, the Commissioner must consult a VE.
5    Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007); see Lounsburry v.
6    Barnhart, 468 F.3d 1111, 1116 (9th Cir.), as amended (2006); Cooper v. Sullivan,
7    880 F.2d 1152, 1155 (9th Cir. 1989).

8         At an administrative hearing, an ALJ may seek testimony from a VE as to
9    "(1) what jobs the claimant, given his or her residual functional capacity, would be
10   able to do; and (2) the availability of such jobs in the national economy." Tackett,
11   180 F.3d at 1101.  A VE's testimony may, without more, constitute substantial
12   evidence of the number of jobs that exist in the national economy.  Bayliss v.
13   Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational expert's]
14   recognized expertise provides the necessary foundation for his or her testimony.");
15   see also Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not
16   support the assumptions in the hypothetical, the vocational expert's opinion has no
17   evidentiary value.").

18        However, remand may be appropriate where the record reflects that the VE's
19   testimony was fundamentally flawed.  See, e.g., Farias v. Colvin, No. 11-57088,
20   519 Fed. App'x 439, 440-41 (9th Cir. May 20, 2013) (unpublished opinion)
21   (remand required where VE testified that a person with plaintiff's characteristics
22   and residual functional capacity could perform a particular occupation (i.e. "head
23   dance hall hostess") but the record clearly suggested the VE provided employment
24   data for a completely different occupation (i.e., "restaurant hostess"); thus, ALJ's
25   conclusion not supported by such relevant evidence as a reasonable mind might
26   accept as adequate to support the conclusion); Darling v. Colvin, No. EDCV 13-
27   266 JC (C.D. Cal. Sept. 4, 2013) (citing Farias); Dorman v. Soc. Sec. Admin., No.
28   12-40023-TSH, 2013 WL 4238315, at *10 (D. Mass. May 21, 2013) (remand

1  required where vocational expert's opinion regarding availability of jobs in
2  national and regional economies job was "fundamentally flawed"); cf. Brault v.
3  Soc. Sec. Admin., Comm'r, 683 F.3d 443, 450 (2d Cir. 2012) (suggesting that ALJ
4  may properly question reliability of vocational expert opinion where testimony
5  appears to be "conjured out of whole cloth") (citation omitted) (internal quotation
6  marks omitted).

7        **3.   Analysis.**

8        Because in this case the VE provided no information as to the methodology
9  and/or source of her statistics regarding the availability of the individual
10  representative jobs in the region and/or nation, and because of the conflicting
11  sources provided by Plaintiff, the Court cannot confidently conclude that the
12  "ALJ's conclusion is . . . supported by substantial evidence - 'such relevant
13  evidence as a reasonable mind might accept as adequate to support [the ALJ's]
14  conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Farias, 519
15  Fed. App'x at 440.  Thus, remand for further clarification and testimony from the
16  VE is warranted.

17  **C.   Plaintiff's Credibility.**

18        Plaintiff contends the ALJ's decision "is void of any sufficient rationale at
19  all as to why the ALJ ignored and disregards" her testimony. (JS at 13.)  Plaintiff
20  contends the ALJ rejected her testimony because she believed "that testimony is
21  inconsistent with what the ALJ believes it should be." (Id. (citing AR at 42).)  She
22  also notes that it "appears" that the ALJ rejected her testimony based on a belief
23  that the testimony lacks support in the objective medical evidence. (Id. at 15.)  She
24  contends that although the ALJ discredited much of Plaintiff's testimony, the ALJ
25  did credit Plaintiff's testimony with respect to being out of breath with a lot of
26  activities and feeling tired during the day, concluding that the ALJ is "trying to
27  have it both ways." (Id. at 16, 17.)

28        An ALJ's assessment of pain severity and claimant credibility is entitled to

1  "great weight."  <u>Weetman v. Sullivan</u>, 877 F.2d 20, 22 (9th Cir. 1989); <u>Nyman v.</u>
2  <u>Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a
3  claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must
4  make explicit credibility findings.  <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th
5  Cir. 1990); <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981); <u>see also</u>
6  <u>Albalos v. Sullivan</u>, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that
7  claimant was not credible is insufficient).

8         Once a claimant has presented medical evidence of an underlying
9  impairment which could reasonably be expected to cause the symptoms alleged,
10 the ALJ may only discredit the claimant's testimony regarding subjective pain by
11 providing specific, clear, and convincing reasons for doing so.  <u>Lingenfelter v.</u>
12 <u>Astrue</u>, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding must
13 be properly supported by the record and sufficiently specific to ensure a reviewing
14 court that the ALJ did not arbitrarily reject a claimant's subjective testimony.
15 <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345-47 (9th Cir. 1991).  An ALJ may properly
16 consider "testimony from physicians . . .  concerning the nature, severity, and
17 effect of the symptoms of which [claimant] complains," and may properly rely on
18 inconsistencies between claimant's testimony and claimant's conduct and daily
19 activities.  <u>See, e.g.</u>, <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002)
20 (citation omitted).  An ALJ also may consider "[t]he nature, location, onset,
21 duration, frequency, radiation, and intensity" of any pain or other symptoms;
22 "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and
23 adverse side-effects of any medication"; "[t]reatment, other than medication";
24 "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or
25 inadequately explained, failure to seek treatment or follow a prescribed course of
26 treatment"; and "ordinary techniques of credibility evaluation," in assessing the
27 credibility of the allegedly disabling subjective symptoms.  <u>Bunnell</u>, 947 F.2d at
28 346-47; <u>see also</u> Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); <u>Morgan v.</u>

1    Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may

2    properly rely on plaintiff's daily activities, and on conflict between claimant's

3    testimony of subjective complaints and objective medical evidence in the record);

4    Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on

5    weak objective support, lack of treatment, daily activities inconsistent with total

6    disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th

7    Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had

8    been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may

9    properly rely on claimant's daily activities and the lack of side effects from

10   prescribed medication).

11          Here, the ALJ provided clear and convincing reasons for finding Plaintiff's

12   subjective complaints of impairment less than credible.  First, the ALJ properly

13   noted that Plaintiff's testimony that she is unable to do any housework because of

14   her impairments is not credible in light of the fact that she also testified she is able

15   to take care of her two-year old daughter and ten-year old son, attend women's

16   prayer group meetings once a week for one to two hours, and take care of her

17   personal care.  (AR at 42.)  See Johnson, 60 F.3d at 1434; Thomas, 278 F.3d at

18   958-59 (ALJ may properly rely on inconsistencies between claimant's testimony

19   and claimant's conduct and daily activities).

20          In addition, the ALJ noted there was "very little medical support" for

21   Plaintiff's subjective complaints of impairment.  (AR at 42.)  Of course, an ALJ

22   "may not reject a claimant's subjective complaints based *solely* on a lack of

23   objective medical evidence to fully corroborate the alleged severity of pain."

24   Bunnell, 947 F.2d at 345 (emphasis added).  However, such a factor remains

25   relevant.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may

26   properly rely on inconsistency between claimant's subjective complaints and

27   objective medical findings); Morgan, 169 F.3d at 600 (ALJ may properly rely on

28   conflict between claimant's testimony of subjective complaints and objective

medical evidence in the record).  The ALJ's conclusion is supported by substantial evidence.  The medical record provides little support for Plaintiff's allegations of disabling limitations, and the ALJ nevertheless gave her the benefit of the doubt when she limited Plaintiff to sedentary work due to an abnormal diabetic foot exam, and her testimony that she is tired during the day, and is out of breath with a lot of activities.  (AR at 42.)  Because the ALJ did not rely solely on the lack of medical evidence supporting Plaintiff's complaints to reject her credibility, this too was a clear and convincing reason for rejecting Plaintiff's credibility.

Based on the foregoing, the Court finds that the ALJ stated clear and convincing reasons, supported by substantial evidence in the record, for rejecting Plaintiff's credibility.[7]  Thus, relief is not warranted on this claim.

**D.      This Case Should Be Remanded for Further Proceedings.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted where additional administrative proceedings could remedy defects in the decision.  Lewin, 654 F.2d at 635.

Based on the foregoing, the Court finds that remand is warranted for further consideration and testimony from a VE concerning the types of jobs that Plaintiff could perform, and the numbers of those positions that exist in the economy, including clarification of the VE's methodology and data source in making the determination of the available number of representative occupations in the region and the nation.

---

[7]  The Court does not preclude the ALJ from revisiting the issue of Plaintiff's credibility on remand.

**IV.**

**ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that the matter is remanded to the Commissioner for further proceedings consistent with this opinion.

Dated: December 3, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge

10